**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1645**

In re:  ALLEN R. DYER,

          Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
James K. Bredar, Chief District Judge.  (1:18-mc-00237)

Submitted:  October 24, 2018                    Decided:  November 9, 2018

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Allen Ray Dyer, LAW OFFICE OF ALLEN DYER, Ellicott City, Maryland, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant, Allen Ray Dyer, an attorney licensed to practice law in Maryland, was reprimanded by the Maryland Court of Appeals for failing to comply with the bar counsel's request for information in response to a complaint that had been filed against Dyer. *See* Md. R. Attorneys, Rule 19-308.1(b). Dyer had refused to respond substantively to the complaint, instead asserting that Maryland's rule requiring confidentiality in attorney grievance proceedings violated the First Amendment's Free Speech Clause and, thus, refusing to participate in any confidential proceedings. After Dyer disclosed the state court's order of reprimand to the district court, that court ordered Dyer to show cause why it should not take reciprocal disciplinary action. *See* D. Md. Adm. R., Rule 705.3(a), (b)(iii) ("LAR"). In his response to the show cause order, Dyer again asserted his free speech challenge to the state confidentiality rule. The district court issued an order of reciprocal reprimand against Dyer, and Dyer now appeals. For the reasons that follow, we vacate and remand to the district court.

Pursuant to the district court's local rules, the court was required to impose identical discipline to that imposed by the Maryland court unless Dyer demonstrated clearly that: (1) the state court's procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) there was an infirmity of proof establishing the misconduct such that the district court could not accept the final conclusion of the Maryland court on the matter; (3) the imposition of the same discipline would result in grave injustice; or (4) the misconduct warrants substantially different discipline than that imposed by the state court. LAR 705.3(d); *see also In re Fallin*, 255

2

F.3d 195, 197 (4th Cir. 2001) (stating factors for consideration in imposing reciprocal discipline). On appeal, Dyer argues that the confidentiality of Maryland's attorney grievance procedures violates the First Amendment and, therefore, imposition of reciprocal discipline for partial refusal to participate in the investigative process was a grave injustice. The district court, however, did not provide any explanation for its finding that a reciprocal reprimand was warranted or explicitly address Dyer's constitutional claim such that this court could conduct meaningful appellate review. *See U.S. Fire Ins. Co. v. Allied Towing Corp.*, 966 F.2d 820, 823 (4th Cir. 1992). For instance, it is not apparent from the district court's order whether it rejected Dyer's First Amendment challenge to the state rule, or merely determined that even if Dyer's challenge was meritorious, he had failed to demonstrate that the imposition of reciprocal discipline would result in a grave injustice.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*VACATED AND REMANDED*

---

[*] We express no opinion regarding the merits of Dyer's constitutional claim.